McKinney, J.
delivered the opinion of the Court.
This was an action of debt. The instrument declared on, is as- follows:
“Trenton, Dec. 30, 1853.
“ Six months after date, I promise to pay, to the order of James E. Wood, one thousand dollars, at the Branch Bank of Tennessee, at Trenton, by instad- *473 ments of 15 per cent, every six months; for value received. “W. H. Wood.”
This note was transferred by endorsement to the plaintiff, who commenced the present suit thereon, on the 10th day of July, 1854; the first instalment, which was then due, not having been paid.
In the declaration, the note sued on is not set forth, either according to its terms, or legal effect.
It is declared on as though it were an absolute undertaking to pay the entire sum of one thousand dollars, six months from date.
The defendants demurred to the declaration and the Court sustained the demurrer. The plaintiff then moved for leave to file an additional count to the declaration, but the Court refused the motion; and rendered judgment that the defendants go hence without day and recover their costs, &c. From which judgment, the plaintiff appealed in error to this Court.
We think there is no error in the record. First: The demurrer was properly sustained, on the ground of variance between the instrument as described in the declaration and as set out on oyer. And it is clear, beyond all doubt, that if the instrument had been declared on, either according to its terms or legal effect, the action in its present form, could not be maintained. It is well settled that an action of debt cannot be maintained for the recovery of an entire sum of money, payable by instalments, until all the several in-stalments have fallen due. In such case, upon the well-established principles of pleading, resort must be had *474 to a different form of action. If an entire sum of money due upon a simple contract, be payable by in-stalments, all of which have not fallen due, as-sumpsit, is, in general, the only remedy for the recovery of the instalments as they severally become due, and if the money be due upon a contract under seal, the remedy is by action of covenant.—1 Chitty on Pl. (9, Am. Ed.) 103, 103, 119; 2 Saunders 303, n. 6.
Secondly: The Court properly refused to allow the amended count to be filed, because it is bad in substance, and if filed would not have supported a recovery.
It sets forth the note sued on in terms, and avers a parol agreement, made at the time of the execution of the note, and as part of the contract, the substance of which is, that on failure of the maker of the note to pay the first instalment of fifteen per cent, when due, and interest on the remainder of the debt for six months; and to make a new note for the balance of the debt; the entire debt of one thousand dollars was to be considered and treated as due and payable on such default.
It is scarcely necessary to say that parol evidence of such an agreement, so essentially varying from, and contradicting the terms of the written contract, could not be received.
Judgment affirmed.